1   Larry W. McFarland (Bar No. 129668)
    E-Mail:  lmcfarland@kmwlaw.com
2   Dennis Wilson (Bar No. 155407)
    E-Mail:  dwilson@kmwlaw.com
3   David K. Caplan (Bar No. 181174)
    E-Mail:  dcaplan@kmwlaw.com
4   Tara D. Rose (Bar No. 256079)
    E-Mail: trose@kmwlaw.com
5   KEATS McFARLAND & WILSON LLP
    9720 Wilshire Boulevard
6   Penthouse Suite
    Beverly Hills, California  90212
7   Telephone:  (310) 248-3830
    Facsimile:  (310) 860-0363
8
    Attorneys for Plaintiff and Counter-Defendant
9   ZYNGA INC.

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  ZYNGA INC., a Delaware Corporation,        **CASE NO. CV 11-2959 EJD**

16                  Plaintiff,

17          v.                                 **PLAINTIFF AND COUNTER-DEFENDANT
                                               ZYNGA INC.'S MOTION TO DISMISS OR
                                               STRIKE VOSTU USA, INC., VOSTU LLC
18  VOSTU USA, INC., a Delaware Corporation;   AND VOSTU, LTD.'S COUNTERCLAIMS**
    VOSTU LLC, a Delaware Corporation; VOSTU,
    LLC, a Delaware Corporation; VOSTU, LTD., a
19  Cayman Islands Corporation; and DOES 1-5,  **MEMORANDUM OF POINTS AND
                                               AUTHORITIES IN SUPPORT THEREOF**
20                  Defendants.

21  ─────────────────────────────────         **Noted For Hearing:
                                               DATE:       February 17, 2012**
22  VOSTU USA, INC., a Delaware Corporation;   **TIME:       9:00 a.m.**
    VOSTU LLC, a Delaware Corporation; and     **PLACE:      Courtroom 1, 5ᵗʰ Floor**
23  VOSTU, LTD., a Cayman Islands Corporation,

24                  Counterclaimants,

25          v.

26  ZYNGA INC., a Delaware Corporation,

27                  Counter-Defendant.

28

1

**NOTICE OF MOTION AND MOTION**

2       TO ALL PARTIES: Please take notice that on February 17, 2012, at 9:00 a.m., in Courtroom

3  1 on the 5th Floor of the United States Federal District Courthouse, 280 South 1st Street, San Jose,

4  California 95113, Plaintiff and Counter-Defendant Zynga Inc. ("Zynga"), will and hereby does move

5  the Court under Federal Rule of Civil Procedure 12(b)(6) and 12(f) for an order dismissing or

6  striking Defendants and Counterclaimants Vostu USA, Inc., Vostu LLC and Vostu, Ltd.'s

7  (collectively, "Vostu") counterclaims for (1) declaratory judgment of non-infringement for

8  MiniFazenda, (2) declaratory judgment of non-infringement for Café Mania, (3) declaratory

9  judgment of non-infringement for MegaCity, (4) declaratory judgment of non-infringement for Pet

10  Mania, and (5) declaratory judgment of non-infringement for Vostu Poker.

11       This motion is made on the grounds that Vostu has failed to state a claim upon which relief

12  can be granted against Zynga, and its counterclaims are redundant of the claims asserted by Zynga

13  and, therefore, should be stricken as a decision on the merits of Zynga's claims will render Vostu's

14  requests for declaratory judgment moot.

15       This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

16  of Points and Authorities, all pleadings and papers on file in this action, and such further argument

17  of counsel or materials that may be submitted at or before the hearing on this Motion.

18

**ISSUE TO BE DECIDED**

19       Whether Vostu's counterclaims for declaratory judgment should be dismissed or stricken

20  when the counterclaims are redundant of Zynga's claims and when resolution of Zynga's claims,

21  along with Vostu's affirmative defenses, will resolve all questions raised by Vostu's counterclaims.

22

**MEMORANDUM OF POINTS AND AUTHORITIES**

23  **I.      INTRODUCTION**

24       Vostu asserts five counterclaims for declaratory judgment of non-infringement for five of its

25  games – MiniFazenda, Café Mania, MegaCity, Pet Mania and Vostu Poker – which are the same

26  five games on which Zynga bases its five claims for copyright infringement asserted in its

27  Complaint.  Vostu's counterclaims should be stricken or dismissed for failure to state a claim

28

- 1 -

CASE NO. CV 11-2959 EJD
ZYNGA INC.'S MOTION TO DISMISS OR STRIKE VOSTU
USA, INC., VOSTU LLC AND VOSTU, LTD.'S COUNTERCLAIMS

1  because the declaratory judgments sought by Vostu are mirror images of the relief sought in

2  Zynga's Complaint.

3        Numerous courts, including those in this District, have consistently stricken or dismissed

4  counterclaims that merely pursue the opposite effect of the original complaint which raise the same

5  facts and legal issues as those asserted via affirmative defenses.  Such repetitious and superfluous

6  counterclaims add nothing to the pleadings and must yield to considerations of practicality and

7  efficient judicial administration.  This Court should avoid expending its resources on Vostu's

8  counterclaims as all claims and defenses raised in Vostu's counterclaims will be fully adjudicated

9  as the natural and inevitable consequence of adjudicating Zynga's infringement action.

10        Furthermore, Vostu's declaratory judgment counterclaims function merely as a vehicle for

11  Vostu to present 49 pages of irrelevant allegations.  The Declaratory Judgment Act was not

12  designed for mirror image counterclaims or as a vehicle for raising duplicative defenses to already

13  existing claims.  Vostu's alleged defenses to liability will be resolved through litigation of Zynga's

14  infringement claims and do not state claims under the Declaratory Judgment Act.

15        For these reasons and as further explained below, Vostu's Counterclaims should be

16  dismissed or stricken as the same legal issues need not, and should not, be adjudicated twice.

17  **II.     STATEMENT OF RELEVANT FACTS**

18        Zynga is the world's largest social gaming company and its games are available on social

19  networking platforms, such as Facebook, as well as on mobile platforms such as the iPhone and

20  iPad.  (Compl. ¶ 30.)  Zynga launched various games in 2007, and since then has continued to bring

21  new games to market with great success.  (*Id.* at ¶ 32.)  Zynga's game titles include, but are not

22  limited to, CityVille, Café World, FarmVille, PetVille, and Zynga Poker (collectively, the

23  "Games").  (*Id.*)

24        Years after Zynga had proven the potential for success in the area of social gaming, Vostu

25  developed a scheme by which it would copy Zynga's specific business model and product strategy,

26  including accessing, copying and using Zynga's copyrights in its Games to create near-identical

27  games and holding them out as Vostu's games.  (*See* Compl. ¶ 38.)  In particular, Vostu copied

28

1   protectable elements of expressions from Zynga's CityVille, Café World, PetVille, Zynga Poker

2   and FarmVille games and used them in Vostu's clones of Zynga's games, "Mega City", "Café

3   Mania," "Pet Mania," "Vostu Poker" and "MiniFazenda." (*See id.* at ¶¶ 59-65.)

4          On June 16, 2011, Zynga filed this action for copyright infringement based on Vostu's

5   creation, reproduction and distribution of its games, namely, MiniFazenda, Café Mania, MegaCity,

6   Pet Mania and Vostu Poker. On July 20, 2011, Vostu filed its Answer in connection with its

7   Counterclaims for declaratory judgment of non-infringement for the same five games,

8   MiniFazenda, Café Mania, MegaCity, Pet Mania and Vostu Poker. As discussed below, Vostu's

9   49-page pleading is nothing more than an improper vehicle designated as a "Counterclaim" which

10  Vostu used to present 369 paragraphs of irrelevant allegations as an attempt to deflect attention

11  from Zynga's infringement claims against Vostu.

12  **III.    ARGUMENT**

13          **A.    Legal Standard.**

14          A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to

15  state a claim "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

16  2001). A motion to dismiss should be granted when a claimant fails to offer "enough facts to state a

17  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.

18  Ct. 1955, 167 L. Ed. 2d 929 (2007). Ultimately, a court should dismiss a counterclaim for failure to

19  state a claim when it fails to present "plausible grounds" for relief. *Id.* at 556. As discussed below,

20  Vostu's counterclaims fail to include any plausible grounds for relief and should be dismissed.

21          Alternatively, under Rule 12(f), the Court "may order stricken from any pleadings any

22  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

23  P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and

24  money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

25  *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 U.S. Dist LEXIS 95127, at *5 (N.D. Cal.

26  May 13, 2008) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other

27  grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). Federal Rule of Civil

28
- 3 -

CASE NO. CV 11-2959 EJD
ZYNGA INC.'S MOTION TO DISMISS OR STRIKE VOSTU
USA, INC., VOSTU LLC AND VOSTU, LTD.'S COUNTERCLAIMS

1    Procedure 8 directs that a party responding to a pleading shall "state in short and plain terms its

2    defenses to each claim asserted against it" and any claim shall be presented in a "short and plain

3    statement of the claim." As discussed below, Vostu's repetitious and unnecessary allegations and

4    counterclaims are not appropriate, should not absorb judicial resources and, accordingly, should be

5    stricken.

6         **B.      Vostu's Counterclaims For Declaratory Judgment Should Be Dismissed Or**

7                   **Stricken Because They Are Redundant Of Zynga's Claims Against Vostu And**

8                   **Merely Restate Vostu's Affirmative Defenses.**

9         Vostu's counterclaims should be dismissed or stricken because the declaratory judgments

10   sought by Vostu add nothing to the pleadings. Instead, the counterclaims merely seek the opposite

11   effect of Zynga's Complaint and merely restate the affirmative defenses set forth in Vostu's

12   Answer. "Courts often dismiss 'mirror image' counterclaims where they merely restate issues

13   already before the court as part of a plaintiff's affirmative case." *Atlantic Recording Corp. v.*

14   *Serrano*, No. 07-CV-1824 (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 28, 2007)

15   (dismissing without prejudice defendant's declaratory relief counterclaim because it was redundant

16   and unnecessary as the court will decide the issue through plaintiff's claim) (citing *Avery Dennison*

17   *Corp. v. Acco Brands, Inc.*, No. CV 99-1877 DT (Mcx), 2000 U.S. Dist. LEXIS 3938, at *12 (C.D.

18   Cal. Feb. 22, 2000) (where both the plaintiff's claims and a defendant's counterclaim seeking

19   declaratory relief raise identical factual and legal issues, the counterclaim is redundant and must be

20   dismissed)); *see also UMG Recordings, Inc. v. Norwalk Distribs., Inc.*, No. SACV 02-1188 DOC

21   (ANx), 2003 U.S. Dist LEXIS 26303, at *8 (C.D. Cal. June 12, 2003) (in dismissing the

22   defendant's counterclaim for declaratory relief of non-infringement, the Court noted that

23   "[d]eciding the declaratory judgment action will neither serve a useful purpose in clarifying or

24   settling the legal relations at issue, nor will it afford relief from uncertainty, insecurity and

25   controversy giving rise to the proceedings…[i]nstead, the parallel copyright infringement is

26   sufficient to consider the issues raised in the counterclaim."); *Interscope Records v. Duty*, No. 05-

27   CV-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *12 (D. Ariz. April 14, 2006) (motion to

28

CASE NO. CV 11-2959 EJD
ZYNGA INC.'S MOTION TO DISMISS OR STRIKE VOSTU
USA, INC., VOSTU LLC AND VOSTU, LTD.'S COUNTERCLAIMS

dismiss granted because counterclaim for declaratory judgment is redundant and unnecessary as the counterclaim seeking declaratory judgment that defendant did not commit copyright infringement will be decided regardless of declaratory judgment claim); *Interscope Records v. Kimmel*, No. 3:07-CV-0108, 2007 U.S. Dist. LEXIS 43966, at *15-16 (N.D.N.Y. June 18, 2007) ("*Kimmel*") (dismissing a counterclaim for declaratory judgment of non-infringement where the issue is "squarely before the Court" as a result of Plaintiffs' claims); *Aldens, Inc. v. Packel*, 524 F.2d 38, 53 (3d Cir. 1975) (dismissing Attorney General's counterclaim for declaratory relief where counterclaim presented the "identical issues posited by the complaint"); *Veltman v. Norton Simon, Inc.*, 425 F. Supp. 774, 776 (S.D.N.Y. 1977) (dismissing counterclaim for declaratory relief as "redundant" and "moot"); *GNB Inc. v. Gould, Inc.*, 1990 U.S. Dist. LEXIS 16172, *12 (N.D. Ill. 1990) (dismissing counterclaim as "duplicative" where it was "essentially a restatement" of plaintiff's claim from defendant's perspective).

Similarly, if the issues raised in a defendant's counterclaim for declaratory relief are merely a reiteration of those asserted in its affirmative defenses, the counterclaim should be dismissed or stricken. *See Stickrath*, 2008 U.S. Dist LEXIS 95127, at *8 (citing *Lincoln Nat. Corp. v. Steadfast Ins. Co.,* No. 1:06-CV-00058, 2006 U.S. Dist. LEXIS 38535, *5 (N.D. Ind. 2006) (although generally disfavored, motions to strike have a "salutory role" where a defendant's counterclaim "merely realleges, or is redundant of, its affirmative defenses, or merely seeks the opposite effect of a complaint," regardless of whether prejudice has been shown)); *Fed. Deposit Ins. Corp. v. Bancinsure, Inc.*, 770 F. Supp. 496, 500 (D. Minn. 1991) (dismissing counterclaim that "seeks the same result as defendant's denials and affirmative defenses" as "redundant"); *Lee v. Park Lane Togs, Inc.*, 81 F. Supp. 853, 854 (S.D.N.Y. 1948) (dismissing defendant's counterclaim seeking declaration of invalidity of trademark as unnecessary where allegations of counterclaim were already before court); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 851-52 (N.D. Ill. 1990) (denying defendants' motion for leave to file a counterclaim for declaratory relief where it sought no affirmative relief as against plaintiff other than an adjudication that the sale of Crest shares was illegal, which was really an affirmative defense to the enforcement of the defendants' guaranties

1  and added nothing to the pleadings the defendants had already put before the court).  The

2  appropriateness of an order striking a counterclaim is directly confirmed by Rule 8(c)(2) which

3  provides that "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a

4  defense, the court must, if justice requires, treat the pleading as though it were correctly designated,

5  and may impose terms for doing so."  Fed. R. Civ. P. 8(C)(2).

6          Here, Vostu's counterclaims seek only declarations that it has not infringed Zynga's

7  copyrights by developing and publishing its games, MiniFazenda, Café Mania, MegaCity, Pet

8  Mania and Vostu Poker, in the United States.  (Defs.' Answer and Counterclms. ¶¶ 350-69.)  The

9  declaratory relief sought by Vostu is the direct inverse of the causes of action for copyright

10  infringement pled in Zynga's Complaint, namely, that Vostu infringed Zynga's copyrights based on

11  the creation, reproduction and distribution of Vostu's MiniFazenda, Café Mania, MegaCity, Pet

12  Mania and Vostu Poker games.  (Compare Compl. ¶¶ 77-86 with Counterclms. ¶¶ 350-69.)  In

13  particular, in hearing Zynga's copyright claims, the Court will determine whether (1) infringement

14  occurred or (2) no infringement occurred.  At that point, any adjudication of Vostu's counterclaims

15  would be a repetitive waste of the Court's time.

16          Likewise, Vostu's counterclaims also duplicate the same legal theories as those enumerated

17  in its affirmative defenses to Zynga's claims.  For example, in support of its request for a

18  declaration that Vostu has not infringed Zynga's copyrights with its MiniFazenda, Café Mania,

19  MegaCity, Pet Mania and Vostu Poker games (*see* Counterclms. at 58), Vostu challenges the

20  protectability of the elements of Zynga's games that Vostu has copied and the similarity of the

21  parties games (*see, e.g.,* Counterclms. ¶¶ 10, 13, 14), complains that Zynga did not raise the

22  infringement with Vostu until it filed this lawsuit (Counterclms. ¶ 142), and challenges Zynga's

23  copyright registrations for its games (Counterclms. ¶¶ 224, 268, 332).  These allegations, to the

24  extent they are relevant at all, relate to the same legal theories enumerated as Vostu's proffered

25  affirmative defenses including, without limitation, *de minimus* infringement, fair use, laches,

26  estoppel, knowledge, consent, acquiescence, fraud on the U.S. Copyright Office, and the allegation

27  that Zynga's claims are barred to the extent Zynga seeks to enforce copyrights in materials or

28

CASE NO. CV 11-2959 EJD
ZYNGA INC.'S MOTION TO DISMISS OR STRIKE VOSTU
USA, INC., VOSTU LLC AND VOSTU, LTD.'S COUNTERCLAIMS

elements that are not original to Zynga.  (*See* Answer at 9).  Indeed, there does not appear to be a single legal theory cited by Vostu in its 49-page Counterclaim that has not also been listed in its 32 lines of alleged affirmative defenses in its Answer.  (Compare Counterclms. ¶¶ 1-369 with Answer at 9-10.)

In addition, while the majority of the 369 paragraphs of Vostu's Counterclaim consist of repetitious statements that raise the same facts and legal issues as those asserted via Vostu's affirmative defenses, many of the paragraphs consist of wholly irrelevant allegations that add nothing to the pleadings.  In particular, Vostu's Counterclaim includes irrelevant (and inaccurate) statements about Zynga's alleged knowledge of Vostu, Zynga's purported reputation among third parties, Zynga's communications with Vostu and Zynga's prior litigation matters with third parties (notably absent is a single judgment against Zynga, and Vostu not incidentally ignores Zynga's prior successful efforts to protect its intellectual property against bad actors such as Vostu) – none of which has any bearing on the claims pled or any purpose other than sensationalizing the pleadings.  (*See, e.g.,* Counterclms. ¶¶ 4-7, 54-57, 61-81, 92-135).

Accordingly, as the issues raised in Vostu's counterclaim for declaratory relief are merely a reiteration of those asserted in its affirmative defenses or consist of irrelevant statements that add nothing to the pleadings, the Counterclaim should be dismissed or stricken.

## C.   Vostu's Counterclaims For Declaratory Judgment Should Be Dismissed Because They Fail To Comport With The Purpose Of The Declaratory Judgment Act.

Vostu's redundant counterclaims should also be dismissed or stricken for the independent reason that they are inconsistent with the purpose of the Declaratory Judgment Act.  This Court has complete discretion whether to hear counterclaims for declaratory judgment.  *Stickrath*, 2008 U.S. Dist LEXIS 95127, at *7.  The Declaratory Judgment Act ("Act") under which Vostu asserts its counterclaims gives the Court the <u>authority</u> to declare the rights and legal relations of interested parties, but not a <u>duty</u> to do so.  *Id.* at *7-8 (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed.

2d 214 (1995) (it is within a district court's sound discretion to dismiss an action for declaratory judgment); 28 U.S.C. § 2201(a)); *see also Solenoid Devices, Inc. v. Ledex, Inc.*, 375 F.2d 444, 445 (9th Cir. 1967) (while the Act provides that the federal courts "may declare the rights and other legal relations of any interested party," in federal declaratory judgment cases "the word 'may' has never been held to uniformly mean 'shall.'").  "Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration." *Stickrath*, 2008 U.S. Dist LEXIS 95127, at *8 (quoting *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 U.S. Dist. LEXIS 93057, at *3 (N.D. Ill. Dec. 20, 2006).  As the Act does not automatically grant the right to have a claim for declaratory relief heard, the Court should not do so here, because allowing such a claim would only waste judicial resources. *See Kimmel*, 2007 U.S. Dist. LEXIS 43966, at *15 (dismissing duplicative counterclaim for non-infringement and holding that "[t]he issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim...Therefore, [defendant's] claim for a declaratory judgment is redundant and unnecessary.").

Specifically, "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Infa-Lab, Inc. v. KDS Nail Int'l*, No. 2:07-01270 WBS WFB, 2008 U.S. Dist LEXIS 91516, at *8 (E.D. Cal. Oct. 24, 2008) (citing *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986)).  Similar to the Court's holding in *Infa-Lab, Inc. v. KDS Nail International*, both goals will be met through litigating Zynga's case-in-chief and Vostu's affirmative defenses.

In *Infa-Lab, Inc. v. KDS Nail International*, the plaintiff filed an action for trademark infringement and the defendant later moved for leave to supplement his pleadings with a counterclaim for declaratory relief that the defendant had "not infringed and is not infringing any protectible trademark to trade dress rights of [the plaintiff] on account of [the defendant's] sale of [the allegedly infringing product]."  2008 U.S. Dist LEXIS 91516, at *3.  In denying the defendant's motion for leave to supplement his pleadings with a declaratory relief counterclaim, the

1   Court noted that "[a]lthough the defendant 'believes' that a declaratory judgment 'will be valuable

2   to [his company's] commercial reputation', [the defendant] fails to identify how resolution of his

3   proposed counterclaim will alter the parties relationship in a way different from the resolution of his

4   existing claims." *See id.* at *8-9. Similarly, although Vostu may believe that filing "counterclaims"

5   will be valuable to its company's commercial reputation by allowing it to sensationalize the

6   pleadings with 369 paragraphs of irrelevant allegations, counterclaims for declaratory judgment

7   should not be maintained where resolution of the counterclaim does not alter the parties' legal

8   relationship in a way different from the resolution of the existing claims before the Court.

9        Here, there is nothing to suggest that Vostu's declaratory judgment counterclaims would

10   entitle Vostu to any relief other than that available as a result of Zynga's Complaint or Vostu's

11   Answer. No costs or fees are available beyond those it might otherwise be entitled to as a result of

12   successfully defending against Zynga's suit. There is also nothing to support the position that

13   Vostu would not otherwise be entitled to appeal the judgment, should the outcome not be in its

14   favor. Hence, as Vostu's counterclaims do not alter the parties' legal relationship in a way different

15   from the resolution of Zynga's existing claims already before the Court, they are inconsistent with

16   the purpose of the Declaratory Judgment Act and the Court is well within its discretion to dismiss

17   or strike them.

18

19   <u>**CONCLUSION**</u>

20        For the reasons set forth above, Zynga respectfully requests that this Court grant the instant

21   Motion and dismiss or strike Vostu's Counterclaims.

22

23   Dated: September 6, 2011               KEATS MCFARLAND & WILSON LLP

24

25                         By: _____/s/_____

26                             Dennis L. Wilson
                       Attorneys for Plaintiff

27                          ZYNGA INC.

28

                              CASE NO. CV 11-2959 EJD
ZYNGA INC.'S MOTION TO DISMISS OR STRIKE VOSTU
USA, INC., VOSTU LLC AND VOSTU, LTD.'S COUNTERCLAIMS